UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **DONNIE LEE THOMAS** | **CIVIL ACTION NO. 07-0390** |
| **DOC # 106606** | **SECTION P** |
| **VS.** | **JUDGE JAMES** |
| **CHRIS FREDRICK, ET AL.** | **MAGISTRATE JUDGE HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff Donnie Lee Thomas filed a civil rights complaint (42 U.S.C. §1983) on February 28, 2007. When he filed his suit, he was an inmate at the Caldwell Correctional Center. [doc. 1] Plaintiff applied for and was granted *in forma pauperis* status on March 23, 2007. [docs. 5 and 8] However, on April 10, 2007, the undersigned, having noted that plaintiff had accumulated three strikes under the provisions of 28 U.S.C. §1915(g), rescinded plaintiff's *in forma pauperis* status and directed him to pay the full filing costs within 20-days of the order. [doc. 9] That order was mailed to plaintiff at the address he supplied. On April 24, 2007, the order was returned to the court with the notation "Released/transferred." [doc. 10]

**LAW AND ANALYSIS**

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

Further, Local Rule (LR) 41.3W provides in part, "The failure of a[]... pro se litigant to

keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of thirty days." More than thirty days have elapsed since the court's April 10, 2007 order was returned.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b) and LR41.3W.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 18th day of June, 2007.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE